## KINGSBURY v. MOSES.

Where the question is as to the market value of any article of property at a given time and place, sales of the same article and other articles proved to be similar, if not too remote in time, place, or other circumstance, are evidence of such value.

Nor does it make any difference as to the admissibility of the evidence of such sales, whether they were made before or after the commencement of the suit.

But the motives and interest of the parties, and other circumstances of the sale, may be inquired into and considered by the jury in determining the weight to be given to such evidence.

Where A., a house carpenter, worked for B. by the day, upon a house for C., in a suit by A. against B. for these services, where the question is, as to their value by the day, it is competent for B. to show that he had settled with C. for the services of A., and been paid a certain sum per day for such services, soon after they were rendered, as tending to show their value.

And though it appears, that, on such settlement and payment, B. gave to C. a receipt in writing for the money received for A's services, yet it is competent to prove such settlement and payment by parol without producing the receipt or accounting for its absence.

When a witness testifies what he "understood" from a conversation between others, he may mean to state what the parties in fact or in substance said, as he understood them, or he may mean merely to give his inferences from what they said. In the former case the testimony is competent, in the latter it is not.

So the "impression" of a witness is competent, if derived from recollection; but if it be merely his belief, founded upon hearsay, or his mere inference, it is incompetent.

What a witness "presumes" to be true without actual knowledge upon the subject, is not competent as evidence of the fact presumed.

If a party taking a deposition and using it on trial, has proposed a question, on the direct examination, which is competent and proper both in form and substance, but the witness, in answering, makes an improper statement, not competent as evidence and not responsive to the question, the party using the deposition may object on the trial to such incompetent testimony, and it should be excluded, though no objection was made at the caption.

THIS was assumpsit, to recover the price of 126 1-2 days labor of the plaintiff for the defendant, commencing early in June, 1862, and ending November 3d, of the same year, charged at $1.75 per day, making $221.38, together with $0.62 for work upon a saw. There was also a credit by plaintiff of $55.00, leaving a balance of $167.00.

The defendant pleads, as to all but $136.05, the general issue, which was joined; and as to that sum he pleaded a tender on January 16, 1863, to which plaintiff replied that a larger sum, to wit, $200, was due, and issue was joined upon this.

It was not in controversy that this work was done by the plaintiff, a house carpenter, for the defendant, and chiefly upon a house in Portsmouth which the defendant was building for Miss Haven; but the difference was upon the rate of wages for such work, the plaintiff averring the market rate to have been $1.75 per day, and that the price was agreed upon, and defendant contending that $1.50 was agreed upon, and also that it was the fair market price; and much evidence was offered upon both sides as to such market price, the defendant also testifying that $1.50 per day was agreed upon, and plaintiff testifying that no price was agreed upon.

The defendant was permitted to prove, against the plaintiff's exception, that he settled with Miss Haven about January 3, 1863, and that she paid him for the plaintiff's work 126 1-2 days, at $1.50 per day, and to prove this by parol; although it appeared that he had given her a

written and receipted by him, which was not produced or accounted for.

The plaintiff offered to prove, by the deposition of Charles Prindall, that he had occasion, that season, to employ joiners, and that the price of first class joiners was $1.75 per day, as he understood it, and that he paid that price for first class joiners, but the Court rejected the evidence, and the plaintiff excepted.

At the hearing, the parties may read from Prindall's deposition interrogatory 2d and 3d, and the answers thereto.

The plaintiff also read the deposition of Charles W. Gardner, a clerk at the Navy Yard, that season, who said in reply to interrogatory four, that he notified the plaintiff that he was required at the Navy Yard, and he then proposed to read the rest of the answer which is in these words : " I don't remember that I stated to Mr. Kingsbury what his pay would be, but he was required as a first class man ; such men then received $1.75 per day—this was the first week in July"—but the Court ruled it to be incompetent, and the plaintiff excepted.

The Court also ruled out the answer in the same deposition, stating the current rate of wages at the Navy Yard for first and second and third class men, and plaintiff excepted—the parties at the hearing may read questions and answers.

It having been shown by defendant what wages James Dennett received that season, plaintiff read his deposition and offered to read interrogatory four, which was, " please state what class carpenter you are, first or second," and the answer to it, " I am second ;" but the Court ruled it out as incompetent, and the plaintiff excepted.

The plaintiff read the deposition of Joseph G. Cate, who also worked on the Haven house, and who described the work done by the plaintiff, and upon the subject how far he had direction or charge of work, he said in reply to plaintiff's eighth interrogatory, that he had plans to work by ; " whether any more directions were given him how to work, I cannot say [but I presume there was."]

To the part of the answer enclosed in brackets, the plaintiff objected, but no objection having been noted at the caption, and it being in answer to plaintiff's enquiry, the objection was overruled, and the plaintiff excepted.

The plaintiff read part of the answer to interrogatory four in Charles Prindall's deposition, to the effect that he had occasion to employ plaintiff that season, and paid him $1.75 per day, and he then proposed to read the rest of the answer in these words—" I consider him a first class joiner, and I paid him, as I consider, first class pay ;" but the Court ruled it to be incompetent, and the plaintiff excepted.

The jury returned a verdict for the defendant, and the plaintiff moved for a new trial, for error in the rulings aforesaid.

And the questions of law thus arising were reserved.

*Goodall*, for plaintiff.

*Hatch*, for defendant.

SARGENT, J.   Was the evidence of defendant's settlement with Miss Haven, and the payment by her of a certain price for the plaintiff's labor, competent in the way it was proved?   If the question were as to the value of a horse for which the defendant was responsible, an actual sale of him, even after suit, might often be admissible for the defendant. Sales of other horses shown to be similar, by other persons, after suit, or by the defendant either before or after that time, might often be received, as are the sales at auction of goods by sheriffs, where they have been sued for the taking or conversion.

In these, as in every such case, the circumstances and the fairness of such sales may be inquired into, for the purpose of showing what weight, if any, the jury should give to the evidence of the particular sale as tending to show the market price.   Of course, the fact, that the sale was by a party interested to reduce the value, or to enhance it, would, in this as in every other case, go merely to the weight and not to the competency of the evidence.

It does not stand as the mere statement of the seller, for neither the statement of the seller or purchaser would in any such case be evidence for him.   But such evidence is not received as a statement of one or both the parties to the sale, but as evidence of an independent *fact*—a sale actually made; and such sales if not too remote in time or situation are evidence tending to show the market price.

Nor does the question of " lis mota" arise in either case as to its competency, for, if the sale is to be regarded as the mere statement of a party in his own favor, it would be incompetent for him, whenever made, and if as a *fact*, its tendency to show the market value, if not too remote in time or other circumstances, is the same, whether before or after the " lis mota," though the latter circumstance might in certain cases have an important bearing on the weight that should be given it by the jury. *Carr* v. *Moore*, 41 N. H. 133; *Swaine* v. *Cheney*, 41 N. H. 233; *Cross* v. *Wilkins*, 43 N. H. 332; *French* v. *Piper*, 43 N. H. 439.

In *Gerrish* v. *Pike*, 36 N. H. 518, where the value of certain land became material, and the plaintiff offered in evidence the fact, that, after suit commenced, he leased the land at a certain rent, as bearing upon the question of value, it was held that the evidence was properly rejected, because it was in the nature of a statement by the plaintiff himself as to its value; that it was the plaintiff's valuation, made at a time when it was for his interest to reduce the value; that it was the plaintiff's sayings as to the value.   Now, if this evidence had been offered as the statement or sayings of the party, or as the valuation of the party offering to sell or lease it, it would, of course, have been incompetent wherever made. But if it was offered as a *fact*, as an actual sale or leasing at a certain price, as we understood from the case that it was, then if the transaction was sufficiently near in point of time, it could make no difference whether it was before or after suit, as we have already seen, so far as its competency was concerned, and the motives that influenced the grantor or lessor, with all the other circumstances attendant upon the fact of leasing, were proper matters to be considered in weighing the evidence, but could not have rendered it incompetent.

The evidence of the price paid for the identical services in question, to the defendant, by Miss Haven was competent; all the circumstances of motive of interest or otherwise were to be considered by the jury in weighing it.   Was it proper to allow proof of this fact by parol, when a receipt had been given and received?   The receipt was not the written contract between Miss Haven and defendant.   *Hersom* v. *Henderson*, 21 N. H. 224, and S. C. 23 N. H. 504; *Ryan* v. *Rand*, 26 N. H. 15.   The plaintiff is neither party nor privy to it.   *Edgerly* v. *Emerson*, 23 N. H. 565; *Furbush* v. *Goodwin*, 25 N. H, 425.   The law did not require written evidence of such a payment, nor did the defendant seek to prove the contents of the receipt.   The evidence received was, therefore, not secondary.   1 Greenl. Ev. secs. 82, 89, 90; *Jacobs* v. *Lindsay*, 1 East 460.   This exception must, therefore, be overruled.

The evidence, as to who were first class joiners and what wages were paid to such, was objectionable in the form in which it was offered, either as involving the opinion of the witness, who was not an expert, or where the subject matter was not such as would admit of the opinions of any witness, or as mere hearsay.   *Leighton* v. *Sargent*, 31 N. H. 133; see also *Lowe* v. *Railroad*, Coos Co. *post.*   This evidence was, therefore, properly excluded.

How far the plaintiff, in rendering the services for which this suit is brought, had charge of the work is a matter of importance upon the question of the reasonable value of these services, and the presumption of Joseph G. Cate, that other directions in addition to the plans were given him, was not evidence that such was the fact.   Where a witness testifies to what he "understood" parties to say, he may mean to state what the parties in fact or in substance said, as he understood them, or merely to give his inferences, drawn from what was said.   In the former case the testimony would be competent.   *Miles* v. *Roberts*, 34 N. H. 252; *Eaton* v. *Rice*, 8 N. H. 378; *Maxwell* v. *Warner*, 11 N. H. 568.   In the latter it would not.   *Braley* v. *Braley*, 16 N. H. 433; *Hibbard* v. *Russell*, 16 N. H. 417.

So, the "impression" of a witness, if derived from recollection, is competent.   But, if it be merely his belief, founded upon hearsay, or his mere inference, it is incompetent; but if his testimony is susceptible of the former construction, it is not to be excluded by the court merely because a different interpretation might be put upon it, which would render it incompetent.   *State* v. *Flanders*, 38 N. H. 333.   But the statement in question fails to come within that principle, for, with any tolerable regard to either the accurate or the colloquial use of language, we cannot hold that the presumption of a witness—what he assumes to be true, without actual knowledge, or examination as to the fact in the particular case, can in any event be competent as evidence of the fact presumed.

In this case, the witness made the statement in reply to a question of the plaintiff in the direct examination, and the plaintiff introduced his deposition and no objection was made or noted in the caption, and for this reason the evidence was admitted.   The question was proper, asking for the knowledge of the witness and not for his presumptions, and

we think the plaintiff is not pr ecluded from objecting to this incompetent statement on trial.

To be sure, no objection was noted in the caption of the deposition, and none need have been, for the objection is one of substance and not of mere form, and the nature of the case was not such as to require the attention of the adverse party to be called to the objection at the time, in order that he might be enabled to remedy some formal defect or irregularity. A party may often be compelled, on some point, to use an unwilling witness, who may insist upon making improper and incompetent statements in reply to the questions proposed, though not responsive to such questions and highly injurious to the party calling him. But if the question proposed is proper, no advantage would result to any one from his filling up the deposition with objections, which could not prevent the answers from being written down ; and no one can be injured by the objections not being taken until the trial, when the evidence should be excluded. For this cause the ve rdict is set aside.

*New trial.*